## Berman Sales Company v. Culwell

*Verderame & Bortner*, for plaintiff.

*Lansberry & Yaroshuk*, for defendant.

FULLAM, J., March 5, 1963.—In April of 1961, plaintiff instituted an action of replevin with bond in the Court of Common Pleas of Montgomery County, seeking to recover certain automotive equipment from defendant. The Montgomery County sheriff could not find the property in his bailiwick, whereupon, pursuant to Pa. R. C. P. 1074(e), the action was converted into an action of replevin without bond, by the filing of a complaint in November of 1961. This Montgomery County action is still pending, there having been personal service of all requisite process upon defendant in that county, and defendant having filed responsive pleadings, including the joinder of additional defendants.

On May 29, 1962, plaintiff instituted the present action of replevin with bond in this county, seeking recovery of the same automotive equipment involved in the Montgomery County litigation. The praecipe was filed and the writ issued on May 29, the sheriff replevied the goods the same day, and, on June 1, 1962, no counter-bond having been filed, the sheriff delivered the goods to plaintiff. Notwithstanding the requirements of Pa. R. C. P. 1074(b) ("The sheriff shall serve the writ of replevin with bond upon the defendant . . . in the same manner as a writ of summons in assumpsit . . ."), no attempt was made to serve the writ of replevin upon defendant, although the writ itself set forth defendant's address in Montgomery County, and Pa. R. C. P. 1074(c) expressly provides for deputized service in cases where the sheriff has replevied the goods.

Although, as set forth above, all of the replevied equipment had been delivered to plaintiff on June 1, 1962, plaintiff nevertheless, on June 5, 1962, filed a complaint in this action, the verification of which bears

the date June 1, 1962, in which it is alleged that defendant is still in possession of the articles in question. There was personal service of the complaint, by deputization, upon defendant on June 13, 1962. On July 2, 1962, defendant filed the preliminary objections which are now before the court for disposition.

Defendant's preliminary objections consist of the following: (1) a petition under Pa. R. C. P. 1017(b)-(5) raising the defense of pendency of a prior action (the Montgomery County law suit mentioned above); (2) a petition under Pa. R. C. P. 1017(b)(1) raising a question as to jurisdiction over the person of defendant in the Bucks County action; and (3) and (4) a demurrer and a motion to strike, both of which question the sufficiency of plaintiff's averments of ownership and right to immediate possession. Notwithstanding the fact that the preliminary objections raised a question of personal jurisdiction over defendant, counsel for defendant entered a general appearance the day after filing the preliminary objections.

At oral argument and in his brief, counsel for defendant concedes that in the present action, this court has acquired valid in rem jurisdiction over the goods replevied. It is, therefore, unnecessary for us to consider, and we do not pass upon, the effect of the failure to attempt personal service of the writ of replevin upon the validity of the seizure of the goods. (While the statement is frequently made that service upon or notice to defendant is not essential to the acquisition of valid in rem jurisdiction, we entertain some doubt as to the accuracy of such assertion as applied in the circumstances of the present case, where defendant's whereabouts were known, and where the complaint which was subsequently served, either inadvertently or by design failed to notify defendant that the goods had already been seized. The record contains an undenied averment that defendant's first actual knowl-

edge that the goods had been replevied did not occur until June 27, 1962, almost a month after the seizure.)

The defense of pendency of a prior action is a plea in abatement. If sustained, such a defense results in dismissal of the action, but without prejudice to the parties' right to proceed in other litigation. See generally, 2 Standard Pa. Prac., p. 4 et seq.; 1 Am. Jur., Abatement, etc., §1 et seq.; Goodrich-Amram §1017-(b) (15). The action presently pending in Montgomery County is an action of replevin without bond, in which plaintiff is claiming damages for wrongful detention of the chattels in question, and in which, if successful, plaintiff would also obtain what amounts to a declaratory judgment as to title, with special means of enforcement thereafter. See Goodrich-Amram, §1071-2. The action of replevin with bond, on the other hand, is either exclusively an in rem action, or an action partly in rem and partly in personam.

While we have not been made aware of any case or other authority directly in point, logic compels the conclusion that: (1) the pendency of an action of replevin without bond is not a bar to a subsequent action of replevin with bond as an in rem proceeding; and (2) defendant in the subsequent action cannot, by entering a general appearance, convert the second action into an in personam action, with the effect of rendering the earlier action of replevin without bond a bar to the second action in its entirety. By the same token, however, plaintiff should not be permitted to obtain in personam relief in the second action, because of the pendency of the first action; and defendant should not be required to defend against in personam relief in the second action. And, finally, in the interests of conserving legal resources and avoiding unnecessary duplication, all ultimate questions of legal ownership and right to possession should be litigated in the first action only; that is, plaintiff should not be permitted to proceed in the

second action except to the extent of obtaining relief not available to him in the first action, i.e., interim possession of the chattels pending the ultimate outcome of the controversy.

The mechanics for effectuating these conclusions must now be considered. It should be noted that, if we were to sustain defendant's first preliminary objection, defendant would lose the protection of the bond filed by plaintiff when the goods were replevied. If we were to sustain defendant's second preliminary objection and permit his counsel to withdraw the general appearance, this would open the door for the entry of a default judgment for the property, pursuant to Pa. R. C. P. 1083. And we do not believe it necessary or appropriate to pass upon the various other matters raised by the preliminary objections, since these matters are already being litigated in the Montgomery County action.

Under all of the circumstances, we have concluded that all further proceedings in the present case should be stayed pending the outcome of the Montgomery County litigation.

*Order*

And now, March 5, 1963, for the reasons set forth in the foregoing opinion, it is ordered and decreed that all further proceedings in this case shall be stayed pending the determination of the action now pending between the same parties in the Court of Common Pleas of Montgomery County, docketed to no. 61-2965, or until further order of this court, whichever shall first occur.